UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Bernard McFadden,    #199135, | ) C/A No. 3:11-673-JMC-JRM |
| Plaintiff, | ) |
| vs. | ) **Report and Recommendation** |
| Bernard McKie, *Warden of Kirkland CI*;<br>Mr. Latter, *Major of KCI*;<br>Mr. Jackson, *FNU Major of KCI*;<br>Mrs. Reeves, *FNU Sergeant of KCI*;<br>Mr. Thomas, *Food Service Director of KCI*;<br>Mrs. Marshall, *Food Service Supervisor; in their individual or personal capacities*, | ) |
| Defendants. | ) |

This matter is before the court on a *pro se* complaint filed pursuant to 42 U.S.C. § 1983. Plaintiff has filed a motion for leave to proceed *in forma pauperis* under 28 U.S.C. § 1915. Plaintiff's motion for leave to proceed *in forma pauperis* should be denied, and the complaint should be dismissed *without prejudice* if he fails to pay the full filing fee of three hundred fifty dollars ($350). Plaintiff is subject to the "three strikes" rule of the Prison Litigation Reform Act.

The "three strikes" rule, codified at 28 U.S.C. § 1915(g), provides:

> In no event shall a prisoner bring a civil action or appeal a judgement in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or

1

> fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). This "three-strikes" rule was enacted to bar prisoners, such as Plaintiff, who have filed prior frivolous litigation in a federal court, from pursuing certain types of federal civil litigation without prepayment of the filing fee. To avoid application of 28 U.S.C. § 1915(g), a prisoner may prepay in full the filing fee. Nevertheless, all civil lawsuits brought by prisoners seeking relief from a governmental entity, officer, or employee are subject to screening pursuant to 28 U.S.C. § 1915A, even if the full filing fee is paid at the time of filing. *See Green v. Young*, 454 F.3d 405, 407 (4th Cir. 2006).

According to the Complaint, Plaintiff is incarcerated at the Kirkland Correctional Institution of the South Carolina Department of Corrections. As in many of his prior cases, Plaintiff alleges that he is being provided inadequate amounts of food. Prisons are required to provide "nutritionally adequate food that is prepared and served under conditions which do not present an immediate danger to the health and well being of the inmates who consume it." *See French v. Owens*, 777 F.2d 1250, 1255 (7th Cir. 1985).

Plaintiff also alleges that he was given sandwiches when he was on lock-down (or "dead-lock"). Prisons are allowed to serve sandwiches and "bag meals" during a short-term lock-down. *McLeod v. Scully*, No. 81-3139 (RLC), 1984 WL 692 (S.D.N.Y. July 30, 1984) (provision of two meals per day during eight to ten-day lock-down did not rise to the level of an Eighth Amendment violation). Since Plaintiff indicates that the serving of sandwiches took place during a seven-day lock-down, which is three days less than the lock-down in *McLeod v. Scully*, no constitutional violation has occurred. *Cf. Ortiz v. Prison Board Members*, Civil No. 3:CV-08-2126, 2011 WL 776195 (M.D. Pa. Feb. 28, 2011) (denying motion to dismiss filed by prison officials in case where

prisoner "was fed bologna sandwiches three times per day for 138 days" during long-term institutional lock-down). Plaintiff also alleges retaliation, collective punishment, and lack of exercise.

Strikes have been entered in three (3) prior cases filed by Plaintiff in this Court. Those cases are *Bernard McFadden v. Desiree Allen, et al.*, Civil Action No. 3:05-0887-RBH-JRM (strike entered on November 29, 2005 [ECF No. 6], *affirmed*, *McFadden v. Allen*, No. 05-7952, 193 Fed.Appx. 251, 2006 WL 2226561 (4th Cir. Aug. 4, 2006); *Bernard McFadden v. Clarendon County Sheriff's Department, et al.*, Civil Action 3:00-2536-MBS-JRM (strike entered on May 22, 2001 [ECF No. 7], *affirmed*, *McFadden v. Clarendon County Sheriff's Dept.*, No. 01-7077, 20 Fed.Appx. 207, 2001 WL 1218574 (4th Cir. Oct. 12, 2001); and *Bernard McFadden v. John Calhoun Land, IV, Appointed PCR Counsel, et al.*, Civil Action No. 3:99-3221-MBS-JRM (strike entered on October 21, 1999 [ECF No. 5]).[1] This court make take judicial notice of these three cases. *See, e.g., Long v. Ozmint*, 558 F. Supp. 2d 624, 629 (D.S.C. 2008).

In light of Plaintiff's prior "strikes," he cannot proceed with the instant complaint unless his claim satisfies the exception for imminent physical harm provided by the "three-strikes" rule. *See* 28 U.S.C. § 1915(g); *Abdul-Akbar v. McKelvie,* 239 F.3d 307, 314 (3rd Cir. 2001); and *Banos v. O'Guin*, 144 F.3d 883 (5th Cir. 1998). This complaint does not fit within this exception to proceed *in forma pauperis* because the lock-down is over. Moreover, the South Carolina Department of Corrections website (www.doc.sc.gov [last visited on April 1, 2011]) reveals that, subsequent to the mailing of the pleadings on March 16, 2011, Plaintiff was moved to the Kershaw Correctional

---

[1] No appeal was filed in Civil Action No. 3:99-3221-MBS-JRM.

Institution, which is located in Lancaster County.[2]  Hence, Plaintiff is no longer in imminent danger of serious physical injury from the named Defendants in this case, all of whom are at the Kirkland Correctional Institution.

Moreover, this case is now moot as to Plaintiff's request for injunctive relief.  *See Incumaa v. Ozmint*, 507 F.3d 281, 286-88 (4th Cir. 2007)*; Breeden v. Jackson*, 457 F.2d 578, 580 (4th Cir. 1972); and *Inmates v. Sheriff Owens*, 561 F.2d 560, 562 (4th Cir. 1977).[3]  Therefore, to proceed with this case, Plaintiff must pay the full $350 filing fee.  If Plaintiff timely pays the full $350 filing fee, his complaint will, then, be subject to review by the undersigned to determine if service of process should be authorized.

### *Recommendation*

It is recommended that Plaintiff's motion for leave to proceed *in forma pauperis* (Entry No. 2) be **denied**.  It is further recommended that the District Court give Plaintiff twenty-one (21) days from the date the United States District Judge rules on this Report and Recommendation (or a specific date determined by the United States District Judge) to pay the full $350 filing fee, so that this matter can be returned to the undersigned magistrate judge to conduct a review of Plaintiff's complaint pursuant to 28 U.S.C. § 1915A.  If Plaintiff fails to pay the full $350 filing fee within the time period set by the United States District Judge, or seek an extension of time to do so, it is further

---

[2]The Kershaw Correctional Institution and the Town of Kershaw are located in Lancaster County, not Kershaw County.  *See* 1977 S.C.Att'y.Gen'l.Op. No. 77-376 (Nov. 30, 1977) (noting that portions of the Town of Kershaw, then located in Kershaw County, would be annexed into Lancaster County), *reported at* 1977 S.C. AG LEXIS 68, 1977 WL 24713.

[3]No change of address letter has been received from Plaintiff as of April 1, 2011.

recommended that, by additional order of this District Court, the complaint be dismissed *without prejudice* and without issuance and service of process. Plaintiff's attention is directed to the Notice on the next page.

April 11, 2011                              Joseph R. McCrorey
Columbia, South Carolina            United States Magistrate Judge

**Notice of Right to File Objections to Report and Recommendation**

Plaintiff is advised that he may file specific written objections to this Report and Recommendation with the District Judge. **Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.** "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (*quoting* Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> **Larry W. Propes, Clerk of Court**
> **United States District Court**
> **901 Richland Street**
> **Columbia, South Carolina 29201**

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).